Brian W. LaCorte (012237)
lacorteb@ballardspahr.com
Donna H. Catalfio (021827)
catalfiod@ballardspahr.com
Andrea L. Stone (026520)
stonea@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington, Suite 2300
Phoenix, Arizona 85004
Telephone:  602.798.5400
Facsimile:   602.798.5595

Attorneys for Plaintiff DriveTime Automotive Group, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| DRIVETIME AUTOMOTIVE GROUP, INC., a Delaware corporation,  <br><br>   Plaintiff,  <br><br> vs.  <br><br> LODSYS, LLC, a Texas limited liability company,  <br><br>   Defendant. | Case No.  <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT**  <br><br> (Jury Trial Requested) |

DriveTime Automotive Group, Inc. ("DriveTime" or "Plaintiff"), for its Complaint for Declaratory Judgment against Lodsys, LLC ("Lodsys" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.   This is an action for declaratory judgment that DriveTime does not infringe any valid claim of United States Patent Nos. 5,999,908 ("the '908 patent"), 7,133,834 ("the '834 patent"), 7,222,078 ("the '078 patent"), 7,620,565 ("the '565 patent") (collectively the "Asserted Patents"), and for declaratory judgment that the claims of each of the Asserted Patents are invalid.

2.   A true and correct copy of the '908 patent is attached as **Exhibit A**.

3.   A true and correct copy of the '834 patent is attached as **Exhibit B**.

4.   A true and correct copy of the '078 patent is attached as **Exhibit C**.

5. A true and correct copy of the '565 patent is attached as **Exhibit D**.

## THE PARTIES

6. DriveTime is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Arizona. DriveTime's principal business address is 4020 East Indian School Road, Phoenix, Arizona 85018.

7. On information and belief, Lodsys is a Texas limited liability company with a principal place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670.

8. On information and belief, Lodsys is the assignee of the entire right, title and interest in and to the Asserted Patents.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, Title 35, United States Code, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2202.

10. This action is filed to resolve an actual and justiciable controversy between the parties hereto. A real and substantial dispute exists between the parties regarding Defendant's allegations that features of DriveTime's website infringe the '908 patent, the '834 patent, the '078 patent and/or the '565 patent. Specifically, Defendant's conduct has put, and continues to put, DriveTime under a reasonable and serious apprehension of imminent suit alleging that DriveTime infringes the '908 patent, the '834 patent, the '078 patent and/or the '565 patent. This dispute is both definite and concrete and admits of specific relief through a decree of a conclusive character. As set forth in succeeding paragraphs herein, there is a conflict of asserted rights among the parties and an actual controversy exists between DriveTime and Lodsys with respect to the infringement, validity and scope of the '908 patent, the '834 patent, the '078 patent and the '565 patent.

11. This Court has personal jurisdiction over Lodsys because Lodsys has purposefully availed itself of the benefits and protections of the laws of this State and this Judicial District, by wrongfully asserting the Asserted Patents against DriveTime, and in pursuing licensing and enforcement activities regarding the Asserted Patents in Arizona.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and/or 1400.

**ALLEGATIONS SUPPORTING DECLARATORY JUDGMENT JURISDICTION**

13.     DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

14.     On information and belief, Lodsys has a well-known reputation as a "patent troll," which refers to companies that acquire broad or ambiguous patents and then claim they cover specific and financially productive activities in attempt to generate revenue from litigation or the threat of litigation. These companies never actually manufacture anything covered by the patents they acquire – they generate revenue from litigation and the threat of litigation alone. This practice is becoming more and more common, much to the concern of the technological and legal communities. Lodsys is one of the latest to attempt to profit from this disturbing trend.

15.     On information and belief, Lodsys has targeted numerous companies throughout the United States with demands that the companies either pay a license or settlement fee in exchange for a covenant not to sue, or in the alternative, face the exorbitant cost of defending a patent infringement lawsuit.

16.     On information and belief, many of the companies targeted by Lodsys accede to its demands despite the lack of merit to the patent infringement claims, because by design, the cost of settlement, while not cheap, is much less significant than the average cost of a patent infringement defense.

17.     On February 11, 2011, Lodsys filed a lawsuit against 12 companies alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v. Brother International Corporation, et al.,* Case No. 2:11-cv-090 and is pending in the Eastern District of Texas, Marshall Division.

18.     On May 31, 2011, Lodsys filed a second lawsuit in the Eastern District of Texas against ten companies, all developers of Apple, Inc. iPhone applications, alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v. Combay, Inc., et al.,* Case No. 2:11-cv-272.

19.     On June 10, 2011, Lodsys filed a third lawsuit in the Eastern District of Texas against ten more companies alleging infringement of the Asserted Patents. The case is styled *Lodsys, LLC v.*

3

*Adidas America, Inc., et al.*, Case No. 2:11-cv-283.

20. In all three Texas cases, counsel of record to Lodsys are Kelley, Donion, Gill, Huck & Goldfarb, PLLC, based in Seattle, Washington, and The Davis Firm, P.C., based in Longview, Texas.

21. On June 7, 2011, after learning that at least three of its customers received demands from Lodsys, Foresee Results, Inc. filed suit against Lodsys in the Northern District of Illinois seeking a declaratory judgment that the Asserted Patents are invalid and/or not infringed. The case is styled *Foresee Results, Inc. v. Lodsys, LLC*, Case No. 11-cv-3886.

22. On June 10, 2011, after receiving a demand from Lodsys, ESet, LLC filed suit against Lodsys in the Southern District of California seeking a declaratory judgment that the Asserted Patents are invalid and/or not infringed. The case is styled *ESet, LLC v. Lodsys, LLC*, Case No. 3:11-cv-1285.

23. On June 13, 2011, after learning that some of it customers received demands from Lodsys, and yet others had been named in the lawsuit referenced in Paragraph 19 above, OpinionLab, Inc. filed suit against Lodsys in the Northern District of Illinois seeking a declaratory judgment that the Asserted Patents are invalid and/or not infringed. The case is styled *OpinionLab, LLC v. Lodsys, LLC*, Case No. 1:11-cv-4015.

24. Also on June 13, 2011, after receiving a demand from Lodsys, The New York Times Company filed suit against Lodsys in the Northern District of Illinois seeking a declaratory judgment that the Asserted Patents are invalid and/or not infringed. The case is styled *New York Times Co. v. Lodsys, LLC*, Case No. 1:11-cv-4004.

25. And on June 15, 2011, after learning that its customers received demands from Lodsys, LivePerson, Inc. filed suit against Lodsys in the Northern District of Illinois seeking a declaratory judgment that the Asserted Patents are invalid and/or not infringed. The case is styled *LivePerson, Inc. v. Lodsys, LLC*, Case No. 1:11-cv-4088.

26. On or about June 21, 2011, DriveTime received a demand from Lodsys (the "Demand"), a copy of which is attached hereto as **Exhibit E**, alleging "use of the Lodsys Patents" by DriveTime, and enclosing an "Infringement Claim Chart" allegedly demonstrating how DriveTime

4

utilizes the inventions embodied in the Asserted Patents.

27. Specifically, the Demand states:

[w]e have reviewed your use of the Lodsys Patents and have prepared the enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys Patents. The images used in the charts are representative only and in addition to the charted claim of the referenced patent, you should consider the remaining claims of that patent and the other Lodsys Patents both with respect to the charted utilization and to other products and services offered by you.

28. The Demand also states:

[w]e are interested in reaching a negotiated non-litigation licensing arrangement with you for all of your uses of the Lodsys Patents under your brand names and would like to discuss this matter with you within 21 days of your receipt of this letter.

29. The Demand further states that Lodsys has retained the above-referenced firms to "assist the company" with the licensing of the Lodsys Patents.

30. Finally, the Demand states:

Lodsys LLC *reserves all rights* with regard to the '908, '834, '078, and '565 patents, including: (1) the *right to seek damages* anytime within the last six years that your company started to make use of Lodsys' patented technology; (2) the right to change its royalty rates at any time; (3) the right to change this licensing program at any time without notice, including variance to conform to applicable laws. You should not rely on any communication or lack of communication from Lodsys, Kelley, Donion, Gill, Huck & Goldfarb PLLC, or The Davis Firm Group as a relinquishment of any of Lodsys' rights.

31. DriveTime reasonably believes that under the circumstances outlined above there is a substantial controversy between DriveTime and Lodsys of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

5

### FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '908 Patent)**

32. DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

33. DriveTime's website, www.drivetime.com, and specifically the DriveTime Live Chat web chat functionality identified by Lodsys in the Infringement Claim Chart (hereinafter "Web Chat Functionality") does not infringe any valid claim of the '908 patent.

### SECOND CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '834 Patent)**

34. DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

35. DriveTime's website, www.drivetime.com, and specifically the Web Chat Functionality, does not infringe any valid claim of the '834 patent.

### THIRD CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '078 Patent)**

36. DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

37. DriveTime's website, www.drivetime.com, and specifically the Web Chat Functionality, does not infringe any valid claim of the '078 patent.

### FOURTH CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '565 Patent)**

38. DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

39. DriveTime's website, www.drivetime.com, and specifically the Web Chat Functionality, does not infringe any valid claim of the '565 patent.

### FIFTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '908 Patent)**

40. DriveTime realleges and incorporates herein by reference each and every allegation

contained in the foregoing paragraphs.

41. On information and belief, the '908 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 or 112.

### SIXTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '834 Patent)**

42. DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

43. On information and belief, the '834 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 or 112.

### SEVENTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '078 Patent)**

44. DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

45. On information and belief, the '078 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 or 112.

### EIGHTH CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '565 Patent)**

46. DriveTime realleges and incorporates herein by reference each and every allegation contained in the foregoing paragraphs.

47. On information and belief, the '565 patent is invalid under one or more provisions of Title 35 of the U.S. Code, §§ 101, 102, 103 or 112.

### PRAYER FOR RELIEF

WHEREFORE, DriveTime prays that the Court declare as follows:

1. DriveTime does not infringe, directly or indirectly, any valid claim of the '908 patent;
2. DriveTime does not infringe, directly or indirectly, any valid claim of the '834 patent;
3. DriveTime does not infringe, directly or indirectly, any valid claim of the '078 patent;
4. DriveTime does not infringe, directly or indirectly, any valid claim of the '565 patent;
5. The claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102,

103 or 112;

6. The claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 or 112;

7. The claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 or 112;

8. The claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 or 112;

9. DriveTime be awarded its costs associated with bringing this action;

10. DriveTime be awarded its attorneys' fees pursuant to 35 U.S.C. § 285; and

11. DriveTime be awarded such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

DriveTime hereby demands a trial by jury in this action.

DATED: June 30, 2011                    By:   /s/Brian W. LaCorte
                                               Brian W. LaCorte
                                               Donna H. Catalfio
                                               Andrea L. Stone
                                               **BALLARD SPAHR LLP**